IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO. 1:21-cv-220

| | |
|---|---|
| DISABILITY RIGHTS NORTH CAROLINA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) COMPLAINT |
| ROBBY RUMMAGE, in his official capacity as Chief of Police of THE LEXINGTON POLICE DEPARTMENT, | )<br>)<br>)<br>) |
| Defendant. | )<br>)<br>)<br>) |

## INTRODUCTION

1. Plaintiff, Disability Rights North Carolina ("DRNC"), is the Protection and Advocacy System ("P&A") for individuals with disabilities in North Carolina. DRNC advocates for and protects the civil rights of individuals with disabilities in this State through, among other means, investigating allegations of abuse or neglect. In the course of such investigations, DRNC is authorized to access records of individuals with disabilities. Defendant Robby Rummage, Chief of Police of the Lexington Police Department ("LPD"), has denied DRNC access to records to which it is legally entitled. By this action, DRNC seeks an order from this Court requiring Defendant to provide the requested information so that DRNC may discharge its statutory duties and investigate the alleged neglect of an individual with a developmental disability.

## JURISDICTION AND VENUE

2. DRNC brings this action for declaratory and injunctive relief for violation of the Developmental Disabilities Assistance and Bill of Rights Act ("the DD Act"), 42 U.S.C. §§ 15001 et seq.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), which grant this Court original jurisdiction in all actions authorized by 42 U.S.C. § 1983 to redress the deprivation under color of State law of any rights, privileges, or immunities guaranteed by the United States Constitution and Acts of Congress. Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202.

4. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1). The events or omissions giving rise to Plaintiff's claims occurred in this District and Defendant Rummage may be found here.

## PARTIES

5. Plaintiff DRNC is the duly-designated P&A for individuals with disabilities in North Carolina. 42 U.S.C. § 15001(b)(2). DRNC, a non-profit corporation independent of state government, is incorporated in North Carolina and maintains its principal place of business in Raleigh, North Carolina.

6. DRNC receives federal funds pursuant to the DD Act and is thereby obligated to provide protection and advocacy services for individuals with developmental disabilities. Under the DD Act, DRNC is also authorized to investigate suspected incidents of abuse and neglect and to pursue administrative, legal and other remedies on behalf of individuals with developmental disabilities. In order to carry out its investigative functions, DRNC is granted the authority to have access to individuals with disabilities in the locations where they receive services, and to

have access to their medical and other records under certain conditions. 42 U.S.C. § 15043(I); 45 C.F.R. § 1326.25(a).

7. DRNC is a "person" authorized to seek legal and equitable relief against entities that deprive it of rights granted to it under federal law.

8. Defendant Robby Rummage is the Chief of Police for the Lexington Police Department. The Lexington Police Department is a service provided by the City of Lexington, NC. It is an agency charged with investigating crimes, including abuse, neglect, and suspicious death. It also provides protection to citizens, visitors, and businesses in Lexington through uniformed patrols.

9. Defendant Rummage is charged with overall responsibility for the administration of the LPD. All of Defendant's complained-of actions were taken under color of state law for purposes of 42 U.S.C. § 1983. He issued in his official capacity.

## FACTUAL ALLEGATIONS

10. On February 21, 2020, Brenda Wooten, a woman with a developmental disability, died of injuries at her group home in Lexington, NC. A transportation company with which the group home contracted dropped Ms. Wooten and other residents off at the group home. It was initially reported that Ms. Wooten had gotten out of the vehicle, fallen in the home's driveway, and sustained a head injury. However, later that same day, the transportation driver admitted that he struck Ms. Wooten with the vehicle while backing out of the home's driveway.

11. On or about February 28, 2020, DRNC received a report of Ms. Wooten's death as part of its regular protection and advocacy activities, and pursuant to certain reporting requirements under State law. *See* N.C. Gen. Stat. § 122C-31(b), (d). This report constituted a complaint regarding abuse and/or neglect, as defined in the DD Act. 45 C.F.R. § 1326.19.

12. Based upon the complaint, DRNC initiated an investigation into Ms. Wooten's death pursuant to its federal authority under the DD Act.

13. On October 22, 2020, DRNC submitted a written request to the LPD, via email, requesting public reports regarding Ms. Wooten's death. DRNC further requested the name and contact information of the appropriate individual to whom DRNC could direct further requests for information.

14. A Services Coordinator with the LPD provided DRNC with the Incident/Investigation report, via email, later that day.

15. After reviewing the Incident/Investigation report, DRNC determined that it needed to access the full LPD investigation file in order to complete its investigation. On December 18, 2020, DRNC submitted a written request, via email to the Services Coordinator, requesting the full file. The request indicated that, pursuant to the DD Act, DRNC was entitled to the requested records within 3 business days of the date of the letter. 42 U.S.C. § 15043(a)(2)(J)(i). DRNC indicated its willingness to speak to Defendant Rummage or the LPD's attorney as needed.

16. DRNC did not receive any response to or acknowledgement of its December 18 request.

17. On January 26, 2021, DRNC resent the December 18 records request to the LPD via email to the Services Coordinator. DRNC specifically requested that the Services Coordinator notify DRNC if it needed to send the request directly to Defendant Rummage or the LPD's attorney.

18. DRNC did not receive any response to or acknowledgement of its January 26 request.

19. On February 4, 2021, DRNC forwarded the December 18 request, via email, to the City Attorney for Lexington. DRNC indicated it would be willing to discuss the matter via telephone.

20. DRNC did not receive any response to or acknowledgement of its February 4 request.

4

21. On March 2, 2021, DRNC sent another email to the City Attorney requesting an update in this matter. On that same day, DRNC attempted to reach the City Attorney by telephone, and left a message for him. Later that day, the City Attorney responded to DRNC's email and stated he would call DRNC the following day.

22. The City Attorney did not call DRNC on March 3, 2021. DRNC therefore sent the City Attorney an email with several times it could be available for a phone call.

23. DRNC did not receive any response to its March 3 email.

24. On March 12, 2021, DRNC again attempted to contact the City Attorney by phone. He was unavailable and DRNC left a message.

25. On March 15, 2021, the LPD Services Coordinator provided DRNC with a motor vehicle accident report via email. The Services Coordinator stated this was the only information that LPD would provide without a court order, and directed DRNC to contact the City Attorney with further questions.

26. As of the date of this Complaint, Defendant has failed to provide DRNC with the complete set of records it requested on December 18, 2020.

*DRNC's Authority to Access Records – the DD Act*

27. The DD Act and its implementing regulations give DRNC, as North Carolina's designated P&A, the authority to investigate incidents of abuse and/or neglect of individuals with developmental disabilities if the incidents are reported to the system or there is probable cause to believe the incidents occurred. 42 U.S.C. § 15043(a)(2)(B); 45 C.F.R. § 1326.25(a)(2)-(5).

28. The DD Act and its implementing regulations give DRNC the authority to access all individual records of a person who has died, and "no consent from another party is needed." 45 C.F.R. § 1326.25(a)(5).

29. Ms. Wooten is an individual with a developmental disability.

30. DRNC is entitled to access Ms. Wooten's individual records, without the consent of another party, pursuant to the authority granted by the DD Act.

31. The regulations implementing the DD Act define an individual record to include "[r]eports prepared by a Federal, State or local governmental agency… charged with investigating incidents of abuse or neglect, injury or death." 45 C.F.R. § 1326.25(b)(2). The regulations specifically state that "[t]he organizations whose reports are subject to this requirement include, but are not limited to... criminal and civil law enforcement agencies such as police departments." Id. The "reports" subject to the requirement include "[s]upporting information that was relied upon in creating a report including all information and records that describe persons who were interviewed, physical and documentary evidence that was reviewed, and the related investigative findings." Id. at (b)(2)(iv).

32. The regulations further provide access to such reports "regardless of whether they are protected by federal or state law. Id. At (b)(2).

33. The LPD is a police department charged with investigating incidents of abuse or neglect, injury or death.

34. Any reports or documents generated during the LPD's investigation into the death of Ms. Wooten are considered records to which DRNC is entitled by the DD Act.

## CAUSE OF ACTION 1 – the DD Act

35. By refusing DRNC's written requests for access to the investigative records, Defendant has deprived DRNC of its statutory rights under the DD Act, 42 U.S.C. § 15001 et seq., and the regulations implementing the Act.

36. Defendant's violation of the DD Act irreparably harms DRNC by preventing it from carrying out its responsibilities under the Act.

37. Unless Defendant is enjoined to provide DRNC the access required by the DD Act, DRNC will continue to be irreparably harmed and will be unable to protect and advocate for persons with disabilities as required by the DD Act.

CAUSE OF ACTION 2 – Section 1983

38. Defendant's complained-of actions were taken under color of, and pursuant to the authority granted to her, under state law.

39. By failing to provide DRNC access to the requested records, Defendant has deprived DRNC of the "rights and privileges secured by the Constitution and [federal] laws." 42 U.S.C. § 1983.

INJUNCTIVE RELIEF

40. Plaintiff adopts and restates the allegations set forth in paragraphs 1-39 of this Complaint.

41. As a proximate result of Defendant's violation of the DD Act, DRNC has suffered, and will continue to suffer, irreparable harm for which there is no remedy at law.

RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

1. Enter a declaratory judgment that Defendant's refusal to provide the requested records violates the DD Act;

2. Enter a declaratory judgment that Defendant's refusal to provide the requested records violates Section 1983;

3. Enter permanent injunctive relief requiring the Defendant to provide DRNC with access to the requested records;

4. Retain jurisdiction over this action to ensure Defendant's compliance with the mandates of the DD Act;

5. Award DRNC attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

6. Award such other, further or different relief as the Court deems equitable and just.

This 19th day of March, 2021.

Respectfully submitted,

/s/ Kristine L. Sullivan

Kristine L. Sullivan, N.C. Bar No. 35595
kristine.sullivan@disabilityrightsnc.org
*Attorney for Plaintiff*
DISABILITY RIGHTS NC
3724 National Drive, Suite 100
Raleigh, NC  27612
Telephone: (919) 856-2195
Fax: (919) 856-2244